J-A14006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON DENNY | : | |
| | : | |
| Appellant | : | No. 1210 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0001953-2025

BEFORE: DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                              **FILED JULY 27, 2026**

Appellant, Aaron Denny, appeals from the April 10, 2025 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Indirect Criminal Contempt ("ICC")[1] resulting from his violation of a protection from abuse ("PFA") order. After careful review, we affirm.

The relevant facts and procedural history are as follows. In November 2024, Akeem Woods ("Complainant") obtained a temporary PFA order against Appellant. The court extended the temporary order to the next trial listing, which was scheduled for January 30, 2025. The order prohibited Appellant from making any contact with Complainant.

_____

[1] 23 Pa.C.S. § 6114(a).

On January 9, 2025, Complainant was at a Pizza Hut two doors down from his workplace on his lunch break. Appellant, who was wearing a ski mask, entered the Pizza Hut, extended his hand toward Complainant, and called him a "fag." The comment provoked a fight, and the two began to grab at each other and slam each other against the door. Appellant snatched Complainant's hat and ran away from the scene. The Commonwealth charged Appellant with ICC, Simple Assault, Harassment, and Recklessly Endangering Another Person in connection with this incident.

At the contempt trial, Complainant testified and defense counsel introduced a video of the incident from the Pizza Hut security system. On April 10, 2025, the court found Appellant guilty of ICC and not guilty of all other charges and sentenced Appellant to six months of reporting probation.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Was the evidence insufficient to support Appellant's conviction for [ICC], where the Commonwealth did not show that Appellant committed an act constituting a violation of the [PFA] order or that he acted with wrongful intent?" Appellant's Br. at 3.

"We review a contempt conviction for an abuse of discretion." *Commonwealth v. Felder*, 176 A.3d 331, 333 (Pa. Super. 2017). "We rely on the discretion of the trial court judge and are confined to a determination of whether the facts support the trial court's decision." *Id.*

Appellant avers that the evidence was insufficient to prove ICC. In reviewing whether the evidence was sufficient to support the conviction, "we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Taylor*, 137 A.3d 611, 614 (Pa. Super. 2016) (*en banc*) (citation omitted). In applying the above test, we may not re-weigh the evidence or substitute our judgment for that of the fact finder. *Commonwealth v. Brumbaugh*, 932 A.2d 108, 109 (Pa. Super. 2007). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.* at 110 (citation omitted).

This Court has repeatedly stated that "[t]he purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Commonwealth v. Lambert*, 147 A.3d 1221, 1226 (Pa. Super. 2016) (citation omitted). "Where a PFA order is involved, an [ICC] charge is designed to seek punishment for violation of the protective order." *Id.* (citation and internal quotation marks omitted).

To establish ICC, the Commonwealth must prove that: "1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3)

the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." ***Commonwealth v. Walsh***, 36 A.3d 613, 619 (Pa. Super. 2012). Wrongful intent can be imputed to the defendant if there is a "substantial certainty" that the defendant's actions would violate the PFA order. ***Brumbaugh***, 932 A.2d at 111.

Appellant concedes that the PFA order was clear and that he had notice but asserts that there was insufficient evidence to prove that he acted volitionally or with wrongful intent. Appellant's Br. at 12. Appellant claims he did not see Complainant inside the store before entering and did not expect him to be there, and, therefore, did not volitionally or intentionally make contact with Complainant. ***Id.*** at 13-16. Appellant also challenges the credibility of Complainant's testimony and the trial court's findings regarding the security video footage, asserting that there was no evidence that he called Complainant a slur before the fight began because the security video did not have sound and Appellant was wearing a mask. ***Id.*** at 19-22.

The trial court found that Appellant acted volitionally and willfully because "[Complainant's] testimony, in combination with the video evidence, proved beyond a reasonable doubt that Appellant encountered [C]omplainant, at a location that Appellant was well aware that [C]omplainant frequented, and immediately chose to disregard the temporary PFA order when he insulted and fought [C]omplainant." Trial Ct. Op., 7/7/25, at 12. The court highlighted that Appellant entered the Pizza Hut location that he knew to be "two doors down from [C]omplainant's place of employment during [C]omplainant's

- 4 -

regular lunch break" and, upon seeing Complainant there, "did not turn around and leave but instead immediately hurled insults at [C]omplainant [and] fought him[.]" *Id.* at 9-10.

Appellant's arguments fail to demonstrate that the court abused its discretion. The trial court reasonably inferred, based on facts supported by the record evidence, that Appellant acted volitionally and with wrongful intent when he saw Complainant in the Pizza Hut and confronted him despite the PFA order's no-contact provision. Appellant essentially asks this Court to view the evidence in the light most favorable to him. We give the benefit of all reasonable inferences to the Commonwealth as verdict winner and decline to re-weigh the evidence or substitute our judgment for that of the fact finder. *See Brumbaugh*, 932 A.2d at 109. Appellant's arguments, thus, fail to merit relief and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/27/2026